WRIGHT, J.
The proceedings in this case are very loose and' uncertain, and leave it, at best, doubtful if a writ of mandamus should issue. Certainly a writ would be refused for compelling the assessment of a tax to pay so much of the judgment in favor of Wayne, as is equal to the unsatisfied judgment that Green has-against Wayne, and Wayne, before obtaining a -writ-to coerce payment of what is due her, would be compelled first to give credit for-what she owes to Green; the balance only is the sum really due, and all that ought to be assessed and collected.
The statute of January, 1833 (31 O. L. 18), is a very singular-one. Why, in cases against townships, the justice or clerk of the court, after judgment, should be required to take the place of the plaintiff, and make copies and give notice, to collect the money for-the plaintiff, it is not easy to conjecture. Why a justice of the-peace, or a clerk of the court, should travel at his own expense, to the clerk of the losing township, to deliver the transcript and notice, to collect a debt of a dollar for the creditoi’, while he is exonerated from the trouble and expense, we cannot divine. The requisition is a novel one, and what induced the legislature to enact it, is not for 293] *us to say. Probably it is an instance of hasty and improvident -legislation, introduced by some one to meet a particular case. We-think, however, although its terms are general, we are not required to give it a retroactive operation, so as to apply it to the case before us.
But there is a difficulty in the case made, which is not so easily got rid of, although counsel have overlooked it. The application is in Warren county, for a mandamus against a township in Clinton county. Why is the apjilication made here? Generally, and for-most purposes, the Supreme Court in this state is a county court. We don’t intend to say that it is altogether so; that in no case will it exercise a general jurisdiction through the state; or that, in a proper case, it may not grant a rule, or take the incipient steps to a mandamus in another county than that in which it is-to operate; but, such rule is, in general, to show cause in the county where the writ *299 is to operate, and where alone it must issue, let it be awarded where it may.
The rule in the case before us has been improvidently entered, and must be discharged.